# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### OCALA DIVISION

**BARBARA REDISH,**

  **Plaintiff,**

**v.**             **Case No: 5:14-cv-260-Oc-22PRL**

**CHRIS BLAIR**

  **Defendant.**

---

# ORDER

In this action, Plaintiff brings claims pursuant to the Americans with Disabilities Act against her former employer, Chris Blair, in his official capacity as Sheriff of Marion County. This matter comes before the Court for consideration of Defendant's Motion for Sanctions and Dismissal due to Plaintiff's failure to attend the parties' mediation scheduled for July 6, 2015. (Doc. 23). Plaintiff has responded. (Doc. 24). For the reasons explained below, Defendant's motion for sanctions in the form of reasonable attorney's fees and costs incurred by Defendant is due to be granted.

## I.  BACKGROUND

On December 4, 2014, Plaintiff notified the Court that the parties had scheduled a mediation for 10:00 a.m. on July 6, 2015, with mediator Charles Carter, Esq., in Gainesville, Florida. The Case Management and Scheduling Order (Doc. 16) provides:

> Each attorney acting as lead trial counsel, and each party (and in the case of a corporate party, a corporate representative) with full authority to settle, *shall* attend and participate in the mediation conference. In the case of an insurance company, the term "full authority to settle" means authority to settle for the full value of the claim or policy limit. The Court will impose sanctions upon lead

counsel and parties who do not attend and participate in good faith in the
mediation conference.   (Doc. 16, p. 9).

On the morning of the mediation, Defendant's counsel traveled from Orlando to Gainesville, and Defendant's corporate representative and insurance adjuster traveled from Tallahassee to Gainesville to attend the mediation, as required by the Case Management and Scheduling Order.   At approximately 8:00 a.m., or, as Plaintiff contends, about 90 minutes before the mediation, counsel for Plaintiff contacted Defendant's counsel and "suggested that he was worried because Plaintiff normally responded very quickly to text and voice messages, but this time voice messages went straight to voice mail and text messages were unanswered."   (Doc. 24, p. 1).

Indeed, Plaintiff (who lives locally in Gainesville) failed to appear for the mediation. Plaintiff's lead counsel appeared at the mediation, as did Defendant's counsel and Defendant's corporate representative.   A Mediation Report advising the Court that Plaintiff failed to appear was filed on July 7, 2015.   (Doc. 22).

## II.   LEGAL STANDARDS

Federal Rule of Civil Procedure 16(f)(1) provides, in pertinent part, as follows: "On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A) (ii-vii), if a party or its attorney: (A) fails to appear at a scheduling or other pretrial conference; ... or (C) fails to obey a scheduling or other pretrial order."   Rule 16(f)(2) provides that, "[i]nstead of or in addition to any other sanction, the court must order the party, its attorney, or both to pay the reasonable expenses – including attorney's fees – incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust."

### III.     DISCUSSION

In her response to the motion for sanctions, Plaintiff contends that she inadvertently missed her mediation because her mobile telephone was not working.   (Doc. 24, p. 1).   She has attached her own affidavit explaining that, although her counsel attempted to contact her via phone and text as her counsel normally did to remind her of the mediation, she was not able to receive the messages.   (Doc. 24-1).   Plaintiff has also attached an email from Walmart's Product Protection Team, dated July 15, 2015, acknowledging receipt of her "non-working product."   (Doc. 24-2). Plaintiff contends that sanctions are not warranted because it was inadvertence and not bad faith on Plaintiff's part that caused her absence at the mediation.

The Court disagrees, and finds that Plaintiff's failure to attend the mediation was not substantially justified.   Plaintiff and her counsel had seven months of notice regarding the mediation date.   Plaintiff's counsel recites that he "orally advised" Plaintiff of the mediation, and told her he would be in contact when "the time got closer to the mediation."   (Doc. 24).   Although counsel states that he attempted to contact Plaintiff via telephone and text in advance of the mediation, it is unclear when those attempts occurred.   Apparently, either Plaintiff's counsel began attempting to contact Plaintiff via phone and text well in advance of the mediation date, but failed to use other communication methods when she did not respond, or Plaintiff's counsel waited until the last minute to attempt to contact her.   In either case, the communication failure was the responsibility of Plaintiff's counsel (and Plaintiff), and does not substantially justify Plaintiff's absence.   Notably, both Plaintiff and her counsel acknowledge that counsel was able to contact Plaintiff via email, apparently without difficulty, after she failed to appear for the mediation. Indeed, the email identified as Exhibit A, from the Product Protection Team, forwarded from Plaintiff to counsel, is dated Friday, July 17, 2015 and indicates it was "Sent from Samsung tablet."

(Doc. 24-2).   It appears to be undisputed that counsel had other means to communicate with Plaintiff, such as email, but failed to use those methods until after the mediation.

For the reasons stated above, Plaintiff has not established that her failure to appear at the mediation was substantially justified, or that other circumstances make an award of expenses unjust.   *See Scott v. K.W. Max Investments, Inc.*, No. 6:05-cv-683-ORL-18, 2007 WL 80851, (M.D. Fla. Jan. 8, 2007) (granting sanctions for failure to appear at a mediation in violation of the requirements of the Court's Case Management and Scheduling Order).   Indeed, the Defendant should not bear the costs associated with Plaintiff's failure to comply with the Court's explicit Case Management and Scheduling Order; Plaintiff and her counsel shall.   The Court, however, declines to grant further sanctions in the form of dismissal of the action, as is also requested by Defendant.

## IV.   CONCLUSION

Accordingly, Defendant's Motion for Sanctions in the form of reasonable fees and costs (Doc. 23) is **GRANTED,** and counsel for the parties shall confer in a good faith effort to resolve the reasonable expenses, including attorney's fees and the mediator's fee, which were incurred by the defendant in attending the mediation and filing the instant motion.   If the parties fail to reach an agreement, the Defendant may file a motion for assessment of reasonable expenses, supported by evidence, on or before October 1, 2015.   Defendant's request for sanctions in the form of dismissal of the action is **DENIED**.

**DONE** and **ORDERED** in Ocala, Florida on September 4, 2015.


PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties