**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION**

**BARBARA REDISH,**

    **Plaintiff,**

**v.**                                                                              **Case No: 5:14-cv-260-Oc-22PRL**

**CHRIS BLAIR**

    **Defendant.**

---

# ORDER

This employment discrimination action, brought pursuant to the Americans with Disabilities Act, is before the Court for consideration of Defendant's Motion for Assessment of Reasonable Expenses as Sanctions (Doc. 30), to which Plaintiff has responded with objections. (Doc. 38). For the reasons stated below, Defendant's motion is due to be granted in part, and Plaintiff shall be ordered to pay Defendant's reasonable attorney's fees and expenses in the amount of $2,021.99.

    **I.    BACKGROUND**

By Order entered September 4, 2015 (Doc. 26), the Court granted Defendant's Motion for Sanctions based upon Plaintiff's failure to appear at the scheduled mediation. If the parties failed to reach an agreement regarding reasonable fees and costs, the Defendant was directed to file an assessment of his reasonable expenses. The parties failed to reach an agreement.

    **II.    DISCUSSION**

Defendant seeks an award of $2,509.29 in costs and expenses, itemized as follows:

1. $1,787.50 in attorney's fees (4.5 hours x $325 per hour for attendance at the mediation and 1.0 hours x $325 per hour for preparing the instant motion).

2. $412.00 as Defendant's portion of total mediation fees (1/2 of $826 mediation fee).

3. $143.75 in mileage expenses for Defendant's lead counsel (250 miles x $.575/mile).

4. $166.24 in mileage expenses for Defendant's insurance adjuster (289.12 miles x $0.575).

Plaintiff objects on several grounds. First, Plaintiff contends that Defendant missed the deadline of October 1, 2015 for filing his assessment. Although Defendant's assessment is dated October 1, 2015, and the certificate of service also bears the date of October 1, 2015, it was not actually filed with the Court until October 2, 2015 at 1:15 p.m., according to Clerk's office records. In any event, Plaintiff objects on the basis of the missed deadline, but does not contend she was actually prejudiced. Under the circumstances, there is no basis to deny Defendant its reasonable fees and costs.

Next, Plaintiff argues that the hourly rate for attorney's fees sought by Defendant exceeds the actual rate being paid by the client. Plaintiff contends that counsel revealed the actual hourly rate being paid by Defendant in an email, but Plaintiff states that the email is not being produced because it was part of a settlement discussion. Plaintiff contends that Defendant should be bound to his actual attorney fee rate ($180.00) being paid by the client. Notably, Plaintiff's argument is not supported by any evidence, nor does Plaintiff cite any authority in support of the argument.

Here, an analysis of an appropriate attorney fee award is necessary. Typically with attorney fee awards, the Court applies the federal lodestar approach which is calculated by multiplying the number of hours reasonably expended by the reasonable hourly rate for the services provided by counsel for the prevailing party. *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994)(per curiam). "[T]he fee applicant bears the burden of establishing entitlement to

an award and documenting the appropriate hours expended and hourly rates." *Hensley v. Eckerhart*, 461 U.S. 424, 437, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). "Ultimately, the computation of a fee award is necessarily an exercise of judgment, because '[t]here is no precise rule or formula for making these determinations.'" *Villano v. City of Boynton Beach*, 254 F.3d 1302, 1305 (11th Cir. 2001)(quoting *Hensley*, 461 U.S. at 436. Here, Plaintiff's objections aid the Court. *See, e.g., Godoy v. New River Pizza, Inc.,* 565 F. Supp. 2d 1345, 1347 (S.D. Fla. 2008) (noting that the adversarial process normally aids the Court in determining whether the amount of attorney's fees requested is "reasonable."). However, the Court is "an expert on the question [of attorney's fees] and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Norman v. Housing Authority of the City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988) (quoting *Campbell v. Green*, 112 F.2d 143, 144 (5th Cir. 1940)).

"A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman*, 836 F.2d at 1299. The trial court, itself, is an expert on the question of the reasonableness of fees and may consider its own knowledge and experience. *Id*. at 1303. Here, Defendant requests $325.00 per hour for his attorney, and counsel, Mark Levitt, states in the verified motion that he has been practicing labor and employment law for over 40 years, and is AV rated by Martindale Hubbell.

In this case, Plaintiff brings suit under the Americans with Disabilities Act, alleging that she was disabled and unlawfully terminated from her employment as a corrections officer with the Marion County Sheriff's Office. Having considered the experience of Mr. Levitt, the location of his practice, the complexity of the case, and my own experience and familiarity with rates in the

Middle District, I submit that $325.00 is a reasonable hourly rate. Indeed, similar rates have been approved in this District in other employment cases. *See e.g., Curbelo et al., v. Mallard Cleaning Systems, LLC*, 6:14-cv-2103-Orl-37DAB at Doc. 24 (M.D. Fla. April 14, 2015)(recommending rate of $350 per hour in FLSA matter for attorney practicing since 2006 and noting that this rate has been previously awarded in the Middle District); *Jenkins et al., v. North Texas Maintenance, Inc. et al.,* Case No. 2:12-cv-677-FTM-38DNT at Doc. 35 (M.D. Fla. August 2, 2013)(approving rate of $350.00 in FLSA matter).

As to the number of hours reasonably expended, Defendant requests a total of 5.5 hours of attorney time, consisting of 4.5 hours for attendance at the mediation, plus 1.0 hour for preparing the sanctions motion. Of the 4.5 hours for attendance at the mediation, Defendant states that his counsel appeared at the mediator's offices for more than one hour, and also traveled two hours each way from Orlando to Gainesville. Plaintiff objects, and argues that travel time is not compensable. Plaintiff further contends that "at most Defendant should get reimbursed at a fraction of his $180 hourly rate for the 45 minutes it takes to get from Gainesville to Orlando."

Putting aside Plaintiff's inexplicable estimate of the travel time between Gainesville and Orlando,[1] the Court finds that counsel's reasonable travel time to the mediation is compensable at the usual hourly rate. *See Mallory v. Harkness*, 923 F.Supp. 1546, 1557 (S.D.Fla.1996), *aff'd*, 109 F.3d 771 (11th Cir.1997). However, all of Defendant's counsel's travel time is not recoverable. Defendant is claiming 4 hours of travel time (two hours each way) between Orlando and Gainesville. This time spent did not require any legal skill or experience, and counsel does not assert in his verified assessment that productive work was done during the travel time.

---

[1] The distance between Gainesville and Orlando is at least 100 miles.

- 5 -

Additionally, this travel time was incurred in part because Defendant chose a law firm located in Orlando when this matter was pending in Ocala.  While Defendant is free to choose the representative of its choice, the fact that counsel needs extra travel time in order to attend mediation is not necessarily taxable to Plaintiff and should be reduced.  *See Bookman v. Comm'r of Soc. Sec.*, 2011 U.S. Dist. LEXIS 147177 (M.D.Fla. Nov. 2, 2011) (reducing excessive travel time); *Dillard v. City of Foley*, 995 F.Supp. 1358, 1370–71 (M.D.Ala.1998) (reducing but not denying travel time where case could have been litigated by able local counsel).   Thus, the Court finds two hours of travel time to be reasonable for the missed mediation, together with an hour for attendance at the mediator's office.  Accordingly, Defendant is entitled to be compensated for 3.0 hours of attorney time for travel to and attendance at the mediation, and 1.0 hours for preparation of the sanctions motion, for a total of 4.0 hours of attorney time.

Defendant is therefore entitled to its reasonable attorney's fees and costs incurred as a result of Plaintiff's failure to attend the mediation, as follows:   $1,300.00 in attorney's fees (4.0 hours of attorney time x $325 per hour); $412.00 as Defendant's portion of the mediation fee; and $309.99 in mileage expenses for Defendant's counsel and insurance adjuster.   Notably, Plaintiff has not objected to Defendant's assessment of the mediator's fee or mileage.

### III.  CONCLUSION

Accordingly, upon due consideration, Defendant's Motion for Assessment of Reasonable Expenses as Sanctions (Doc. 30) is **GRANTED in part**, and Plaintiff is **ORDERED** to pay Defendant's reasonable attorney's fees and expenses in the amount of **$2,021.99**.

**DONE** and **ORDERED** in Ocala, Florida on October 30, 2015.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties